## Meehan v. De Leo

*Carr & Krauss*, for plaintiff.

*Arthur W. A. Cowan*, for defendant.

PARRY, J., June 8, 1942.—Rules to strike off or open judgment.

Judgment was entered by confession upon a written instrument wherein the defendant agreed inter alia to pay $10 a month for the term of one month and thereafter from month to month, until either party gave thirty days' written notice to terminate, in return for the privilege of maintaining a newsstand on the plaintiff's sidewalk.

The defendant occupied the newsstand and paid the rental from October, 1938, to March, 1942, when he ceased making payments and refused to abandon or remove the newsstand upon notice to vacate, whereupon judgment was confessed in his behalf and a writ of hab. fa. possessionem issued.

Whatever force there may be in the defendant's contentions they will not avail him for it does not follow, as he insists, either that the plaintiff has no rights in the matter or that the defendant may preempt a part of the plaintiff's abutting sidewalk to conduct a business upon, in defiance of notice to desist.

While the dispute may suggest questions of some difficulty, they do not necessarily call for determination. The rights of property owners and the public in land that has been subjected to the easement of public use as a highway are fully discussed in Breinig et ux. v. Allegheny County et al., 332 Pa. 474. The owner retains the fee in the residue of the highway land and as to it may exercise full rights of ownership. On the surface he may prevent members of the public from unlawful use of the highway. As every member of the public has an unrestricted right of way over every part of the sidewalk, the plaintiff under certain circumstances may no doubt be restrained from granting an exclusive use of a part of it to the defendant, for if he has no right to an exclusive use it is impossible to see how he can grant such use to another. But it seems to us that he may lawfully agree with the defendant to raise no objection to his use of the sidewalk if he pays for the privilege. This is really all he has done.

The defendant, however, denying any right in the plaintiff, asserts his own right to occupy a part of the public way to the exclusion of the property owner and everyone else because of what he is pleased to call a right of necessity for otherwise, he asserts, the public may be deprived of the inestimable privilege of hearing the news. This contention appears to us not only utterly untenable but highly absurd.

The only color of right in the defendant to maintain a structure on the plaintiff's sidewalk for the sale of papers is derived from the written instrument which he now attempts to repudiate and the single question before us is whether he is entitled to have the judgment entered thereunder stricken off. He admits that he signed this paper, he admits that he agreed to raise no objection or exception to any proceeding thereunder, he admits he is in default, he admits he agreed to the entry of the judgment against him and we do not think he is in any better position than a tenant who is es-

topped from denying his landlord's title. It follows that he has no standing to dispute it and the rules to strike off or to open the judgment are discharged.